UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
Urbana Division

| | |
|---|---|
| **EAST LYNN FERTILIZERS, INC.,** )<br>)<br>Plaintiff/Counter-Defendant, )<br>v. )<br>)<br>**CHS, INC.,** )<br>Defendant/Counter-Plaintiff, )<br>-------------------------------------------------------- )<br>**EAST LYNN FERTILIZERS, INC.,** )<br>)<br>Third-Party Plaintiff, )<br>v. )<br>)<br>**LARRY HOSTETTER,** )<br>)<br>Third-Party Defendant. ) | Case No. 09-2085 |

# ORDER

Before the Court is the Motion to Strike Exhibit No. 1 to CHS's Reply to East Lynn's Response to CHS' Motion for Summary Judgment (#67). The challenged exhibit consists of an affidavit of Jeff Greseth and copies of a variety of documents related to the acquisition of assets of Agriliance, LLC, by CHS, Inc. (hereinafter "CHS"). The motion is premised on movant's claim that neither the subject matter of the Greseth affidavit nor the attachments were properly disclosed. Movant claims prejudice if the Court allows CHS to use evidence and testimony that was previously undisclosed. Movant makes the statement, "East Lynn did not have the opportunity to investigate or cross-examine the testimony of the Affiant during discovery." (#67, p. 2).

CHS has filed its memorandum (#70) in response. It argues that it did not have a duty to disclose the documents in question because it had concluded that their use at trial would not be necessary. CHS chose to use the documents when, contrary to its expectations, East Lynn Fertilizers, Inc. (hereinafter "East Lynn") declined to admit undisputed fact No. 11 in CHS's Motion for Summary Judgment.

The Court has carefully considered the written submissions of the parties. It is clear from a review of the file that East Lynn was aware of Plaintiff's claims, including the claim for interest and attorney fees. It cannot claim surprise. Given the claim and the expressed basis for the claim, East Lynn had an obligation to engage in discovery regarding the basis for the claim of entitlement to interest and attorney's fees. It appears they were not thorough in their discovery efforts. This is not a case of one party hiding something from another. East Lynn should not be entitled to gain advantage from its own failure to inquire.

The Court is satisfied that the arguments set forth in CHS Inc.'s memorandum (#70) are valid. Accordingly, movant is not entitled to the relief it seeks. The Motion to Strike Exhibit No. 1 to CHS's Reply to East Lynn's Response to CHS' Motion for Summary Judgment **(#67)** is **DENIED**.

ENTER this 3rd day of December, 2010.

                                                  s/ DAVID G. BERNTHAL
                                                  U.S. MAGISTRATE JUDGE